## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JOHN J. GABRYS, JR., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 14-4180 |
| | : | |
| CAROLYN W. COLVIN, | : | |
| Acting Commissioner of Social Security. | : | |
| Defendant. | : | |

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                      **JULY 21, 2014**

Presently before this Court is Plaintiff, John J. Gabrys' ("Plaintiff"), "Motion for Leave to Proceed In Forma Pauperis."  For the reasons set forth below, this Motion is denied.

Plaintiff filed a Motion for Leave to Proceed in forma pauperis in a previous action before this Court on October 25, 2012 (Civil Action No. 12-6099).  This Court granted that Motion on November 6, 2012.  (Doc. No. 5.)  Plaintiff then filed a Complaint against Defendant, Michael J. Astrue, Commissioner of Social Security ("Defendant") on November 6, 2012.  (Doc. No. 6.)  On November 30, 2012, the parties were sent a "Procedural Order for Social Security Review" which instructed Plaintiff to file a Brief and Statement of Issues in Support of Request for Review" (the "Brief") within forty-five days of the service of Defendant's answer.  (Doc. No. 8.) Plaintiff also filed a request for appointment of counsel which we denied in a Memorandum

Opinion dated December 14, 2012.[1]  (Doc. No. 9.)  Defendant answered the Complaint on

January 8, 2013.  (Doc. No. 11.)

Plaintiff failed to file the required Brief within forty-five days or in the months that

followed.  Accordingly, on November 18, 2013, this Court ordered Plaintiff to file this Brief

within thirty (30) days from the date of the Order.  (Doc. No. 14.)  On December 18, 2013,

Plaintiff wrote a letter to this Court asking for an extension to file this Brief, and informing the

Court that he had recently been awarded social security benefits in a separate application before

the Social Security Administration ("SSA").  On January 16, 2014, Plaintiff filed a handwritten

Motion requesting that this Court reconsider our denial of his request for appointment of counsel.

(Doc. 15).  Plaintiff attached to this Motion a Notice of Decision regarding the separate action

from the SSA dated December 27, 2013.  (Id.)  This Notice of Decision indicated that Plaintiff

was awarded benefits with an onset of disability as of February 10, 2012.  (Id.)  In his Complaint,

Plaintiff averred that he is entitled to benefits as of February 15, 2010.  (Doc. No. 6).  Plaintiff

then requested that this Court "add my SSD approval to the evidence and I ask that it act as my

main defense in this case for appeal for SSD benefits."  (Id.)  Mindful that a pro se litigant's

complaint is to be construed liberally, on February 7, 2014, we accepted this filing as Plaintiff's

"Brief and Statement of Issues in Support of his Request for Review."  See Haines v. Kerner, 404

U.S. 519, 520 (1972).

On February 7, 2014, we denied Plaintiff's Request for Reconsideration of our denial of

appointment of counsel.  (Doc. No. 16.)  Defendant filed a Response to the Request for Review

---

[1]In this Memorandum Opinion, we considered and denied Plaintiff's request for appointment of
counsel under the factors listed in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993).  See Gabrys v. Astrue, No.
12-6099, 2012 WL 6527331, at *1 (E.D. Pa. Dec. 14, 2012).

on March 12, 2014.  (Doc. No. 18.)  In this Response, Defendant asserted that the fact that

Plaintiff may have been disabled after the period at issue is irrelevant, and does not merit a

remand.  (Def.'s Resp. at 5.)  Defendant added that, standing alone, the fact that the

Commissioner subsequently found a claimant to be disabled based on a later application does not

warrant remand or reversal.  See Matthews v. Apfel, 239 F.3d 589, 593-95 (3d Cir. 2001); see

also Nieves v. Comm'r of Soc. Sec., 198 Fed. Appx. 256, 260 n.3 (3d Cir. 2006).  We agreed

with Defendant and on April 8, 2014, we denied Plaintiff's Request for Reconsideration and

Review for the reasons set forth in Defendant's Response.  (Doc. No. 18.)  On May 1, 2014,

Plaintiff sent a handwritten letter to this Court again requesting a reconsideration.  (Doc. No. 20.)

On June 5, 2014, we denied Plaintiff's Request for Reconsideration again for the same reasons

set forth in Defendant's Response, and we ordered this case closed.  (Doc. No. 19.)

Subsequently, on June 25, 2014, Plaintiff filed a Notice of Appeal of this decision in the Court of

Appeals for the Third Circuit ("Third Circuit").  (Doc. No. 21.)  This appeal is currently pending.

Subsequently, on July 7, 2014, Plaintiff filed a new Complaint, under this current docket

number, against Carolyn W. Colvin, Acting Commissioner of Social Security, essentially

challenging this Court's June 5, 2014 Order dismissing his previous action.  (Doc. No. 1.)

Plaintiff also filed a Motion for Leave to Proceed in Forma Pauperis, and again requests

appointment of counsel.  (Id.)  Included in Plaintiff's filings is a handwritten letter in which

Plaintiff states that he has been granted Social Security benefits "for the period of 2012-2014."

He states further that "I am asking for the period now of 2010, when I was originally hurt to

2012."  (Id.)

It is apparent from this filing that Plaintiff is asserting the same claim that we already

3

denied in his previous action and is now on appeal before the Third Circuit.  Accordingly, we deny Plaintiff's Motion for Leave to Proceed in Forma Pauperis to file a new Complaint. (Doc. No. 1.)  In addition, we deny Plaintiff's request for appointment of counsel for the same reasons that we denied this request in his prior action.  See Gabrys, 2012 WL 6527331, at *1.  Moreover, pursuant to 28 U.S.C. § 1915(e)(2)(i),[2] when a party asks to proceed in forma pauperis or is granted such status and is proceeding in forma pauperis, the Court shall dismiss *sua ponte* the case at any time if the Court determines that the action is frivolous.  Because Plaintiff has a current appeal before the Third Circuit asserting the exact claim that he avers in this instant Complaint, we dismiss the Complaint as frivolous.

An appropriate Order follows.

---

[2]28 U.S.C. § 1915(e)(2) states:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

(A) the allegation of poverty is untrue; or

(B) the action or appeal--

(i)  is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JOHN J. GABRYS, JR., | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 14-4180 |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security. | : | |
| Defendant. | : | |

### O R D E R

      **AND NOW**, this 21st day of July, 2014, upon consideration of Plaintiff, John J. Gabrys' ("Plaintiff"), "Motion for Leave to Proceed In Forma Pauperis" (Doc. No. 1.), it is hereby **ORDERED** that said Motion is **DENIED**.  It is furthered **ORDERED** that:

      1.  His handwritten letter attached to this Motion be docketed by the Clerk;

      2.  His request for appointment of counsel is **DENIED**; and

      3.  The Complaint is dismissed as frivolous pursuant to 28 U.S.C. 1915(e)(2)(i).

      BY  THE  COURT:

      /s/ Robert F. Kelly

      _____
      ROBERT  F.  KELLY
      SENIOR  JUDGE